**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELEIER RIVERA,**

                    **Plaintiff,**

**-vs-**                                        **Case No.  6:06-cv-687-Orl-31DAB**

**CEMEX, INC.,**

                    **Defendant.**

## ORDER

This action concerns an alleged violation of the Fair Labor Standards Act ("FLSA") for the failure of Defendant CEMEX Inc., ("Cemex") to its pay truck drivers over-time pay.  Plaintiff filed a Motion (Doc. 26) requesting that the Court conditionally certify a collective action and grant permission to send court supervised notice to similarly situated employees of their opt-in rights pursuant to 29 U.S.C. § 216(b). [1]

**I. Background**

Plaintiff, Eleier Rivera ("Rivera"), is a former employee of Cemex.  Rivera was employed as in intrastate truck driver in Kissimmee, FL.  He asserts that he worked over 40 hours/week for Defendant and did not receive over-time compensation as required by the FLSA.  Rivera brings this action on behalf of other former employees of Cemex who are similarly situated.

---

[1] Defendant's Response to this Motion is filed at Doc. 37.

**II. Legal Analysis**

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

In *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit recommended that district courts utilize a two-stage process to certify a collective action under FLSA. The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id*. at 1218. The standard applied in this first stage is a lenient one which "typically results in conditional certification" of the collective action. *Rodgers v. CVS Pharmacy, Inc.,* 2006 WL 752831, *2 (M.D. Fla. March 23, 2006). If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. *Hipp* at 1218. The action proceeds as a representative action through discovery. A second determination is usually made after a motion for decertification is made by the Defendant. At the second stage, the district court must determine if the plaintiffs are "similarly situated." *Id*. at 1217. If so, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id*. at 1218.

At the notice stage, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations omitted). "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097. Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation. *Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 U.S. Dist. LEXIS 58484, *10 (S.D. Fla. May 17, 2006).[2]

In this case, Plaintiff has submitted his own affidavit and the affidavits of three additional former employees of the Defendant. All of the affidavits allege that the employees were not paid over-time pay as required by the FLSA . Defendant's argument that each Plaintiff's case may present individual questions regarding their method of payment or the hours worked is not relevant here. At this stage, the Court must rely only on the pleadings and affidavits and should not make any factual determinations or take into account any alleged defenses. *Pendlebury v. Starbucks Coffee Co.,* 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005). Furthermore, the inquiry under *Hipp* is much less stringent than the inquiry under Rule 23, which requires that common questions of law or fact dominate. Defendant's objections to certification are more appropriate at the second stage, after discovery has been completed. Therefore, Plaintiff has submitted sufficient evidence to

---

[2] *See also Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763, *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in).

establish a reasonable basis to believe that there are similarly situated individuals who may be interested in joining the action, if given notice.

The question remains, how to define the group of individuals to be given notice. All three affidavits are submitted by former intrastate truck drivers, who worked out of the Orlando, Florida office for over 40 hours/workweek, and who were denied the over-time pay to which they claim entitlement. Plaintiff has presented no indication that employees outside of Orlando are similarly situated or would desire to join the suit, and therefore the notice must be geographically limited. Therefore, the Court will authorize notice to current and former intrastate truck drivers employed by Cemex at its Orlando office, who worked more than 40 hours/workweek within the last three years but were not paid over-time pay as required by FLSA.[3]

Plaintiff has submitted a proposed notification and opt-in form with its Motion. However, this Court finds that form inadequate because it fails to inform potential plaintiffs that, if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for the defendant's costs in this matter. Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit. Therefore, Plaintiff must amend the notice form to include such information.

---

[3] The three-year limitation is required by the applicable statute of limitations.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt In Rights (Doc. 26) is **GRANTED**.  Plaintiff shall submit a proposed notification form, in compliance with this Order, within ten (10) days.  Defendant may file any objections to that form within ten (10) days of it being filed with the court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party