# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELEIER RIVERA, LUIS BAEZ, ROULAN MERCADO, HENRY ROLDAN, HARRY MATOS PASTOR, EDGARD O. ROMERO MICHAEL L. WARD, TODD A. CARR BRUCE MACKIE, WILLIAM GERENA-SANCHEZ, LIONEL HIRAM GONZALES ERNIE J. MATIAS, JULIO LEONEL GARCIA-PIZZARO, REYNALDO E. TORRES, ANTHONY CALDERONE REYNALDO MORA, NELSON J. RODRIGUEZ.**

                **Plaintiffs,**

**-vs-**                                    **Case No.  6:06-cv-687-Orl-31DAB**

**CEMEX, INC.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR LEAVE TO NOTICE UP TO 20 DEPOSITIONS (Doc. No. 90)** |
| **FILED:** | **March 15, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice to its reassertion after an amended case management report is filed**.

Plaintiff Eleier Rivera filed suit against Defendant Cemex, Inc. on behalf of himself and similarly situated former truck drivers for Cemex, alleging violations of the Fair Labor Standards Act ("FLSA") for failing to pay its truck drivers over-time pay.

On November 21, 2006, Judge Presnell conditionally certified the case as a collective action, allowing Rivera's counsel to provide Court-supervised notice of their opt-in rights to current and former truck drivers at Cemex's plant in Kissimmee, Florida. Doc. No. 51. Plaintiff filed a number of "Consents to Join" the lawsuit from current and former Cemex truck drivers by the deadline of March 7, 2007. *See* Doc. No. 68-78, 80-81, 83-85; 113 (finding all opt-in consents to be timely). On March 14, 2007, Judge Presnell conditionally added the opt-in Plaintiffs – bringing the total to twenty-two – and ordered that the new Plaintiffs file their answers to court interrogatories (Doc. No. 8) within fifteen days; Defendant was ordered to file its verified summaries for these Plaintiffs within fifteen days following. *See* Doc. No. 88. With twenty-two Plaintiffs now joined in the suit, Defendant seeks leave to notice more than ten depositions, the limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A). Defendant expects to assert defenses regarding the number of hours worked "off the clock" and whether the Motor Carrier Act exemption applies.

Plaintiffs are opposed to twenty-two depositions at this juncture of the discovery. Doc. No. 88. Defendant has already served discovery on opt-in Plaintiffs, immediately following the filing of their opt-in forms, in the traditional form of interrogatories and requests for production, as opposed to using the court-authorized initial discovery procedures. As of March 26, 2007, Defendant had not provided the opt-in Plaintiffs with amended Rule 26 disclosures or with the court-ordered verified summaries of hours because Plaintiffs had not yet provided their court-ordered interrogatory responses. Doc. 88.

-2-

Judge Presnell's order entered on March 13, 2007, essentially stayed the traditional discovery in the case until forty-five days after the Plaintiffs' answers to court-ordered interrogatories are served; which is also thirty days after Defendant's verified summaries are served.  Doc. No. 88. Within that thirty-day window, the parties are to conduct a settlement conference, and if the matter is not resolved, then submit an amended case management report setting new deadlines for traditional adversarial discovery such as interrogatories and requests for production.  Doc. No. 88.

Defendant's Motion for additional depositions is premature.  Defendant must wait to begin traditional discovery until after the settlement conference which originally would not have occurred before April 27, 2007 at the *earliest* (at the time that Defendant's Motion was filed).  Within the last few days, on April 9, 2007, Judge Presnell extended the deadline for opt-in Plaintiffs to file their answers until April 20, 2007, which now means the settlement conference or amended case management deadlines will not begin until after June 1, 2007 at the earliest.  Doc. No. 115. Defendant's Motion for Leave to Notice up to 20 Depositions (Doc. No. 90) is **DENIED without prejudice to its reassertion after the amended case management report is filed**.  Counsel for both parties are expected to (and will be admonished if they do not) confer in good faith as to the necessity of depositions following written discovery and the number of depositions required with regard to its generally-applicable Motor Carrier Act exemption defense.

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-