# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELEIER RIVERA, ROULAN MERCADO,
HENRY ROLDAN, TODD A. CARR,
NELSON J. RODRIGUEZ, EDGUARDO
ORTIZ, TEODORE MEZA, LUIS SABINO,
CARLOS SOTO, JOSEPH LAPORTE,
ERNIE J. MATIAS, REYNALDO MORA,
NELSON J. RODRIGUEZ,**

          **Plaintiffs,**

**-vs-**                                     **Case No. 6:06-cv-687-Orl-31DAB**

**CEMEX, INC.,**

          **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S MOTION TO COMPEL DISCOVERY (Doc. No. 148)**
>
> **FILED:**   October 25, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**, except as to Plaintiff Todd Carr as set forth below.

Plaintiff Eleier Rivera filed suit against Defendant Cemex, Inc. on behalf of himself and similarly situated former truck drivers for Cemex, alleging violations of the Fair Labor Standards Act ("FLSA") for failing to pay its truck drivers over-time pay. Defendant asserts defenses regarding the number of hours worked "off the clock" and whether the Motor Carrier Act exemption applies.

On November 21, 2006, Judge Presnell conditionally certified the case as a collective action, and allowed Plaintiff's counsel to provide notice to current and former truck drivers at Cemex's plant in Kissimmee, Florida of their right to opt-in to the case. Doc. No. 51. Plaintiff then filed a number of "Consents to Join" the lawsuit – bringing the total to twenty-two[1] – and, on March 13, 2007, Judge Presnell ordered the new Plaintiffs to file their answers to court interrogatories (Doc. No. 8) within fifteen days; Defendant was ordered to file its verified summaries for these Plaintiffs within fifteen days following. *See* Doc. No. 88. However, despite the court-ordered discovery plan, Defendant sought leave to proceed with traditional discovery in the form of twenty-two depositions. Doc. No. 99. Because Judge Presnell's March 13, 2007 order (Doc. No. 88) had essentially stayed the traditional discovery in the case until forty-five days after the Plaintiffs' answers to court-ordered interrogatories were served and after a settlement conference or mediation, Defendant's motion to take twenty-two depositions was denied as premature. Doc. No. 117. At that time counsel was "expected to (and will be admonished if they do not) confer in good faith as to the necessity of depositions following written discovery." Doc. No. 117.

When the matter was not resolved during mediation on August 31, 2007, Defendant moved for a new scheduling order and the matter came on for hearing on September 25, 2007. Doc. No. 145. In an Order entered on September 26, 2007, the Court reset the discovery deadline to November 9, 2007 and left the remaining deadlines unchanged; the case remained set for trial before Judge Presnell on his February 2008 trial docket. Doc. No. 146.

In moving to compel discovery responses on October 25, 2007, Defendant maintains that Plaintiffs owed Defendant certain discovery responses just **six days** after the September 26, 2007

---

[1] Some Plaintiffs have since been dismissed.

motion hearing in which the Court reset the discovery deadline.  Defendant apparently contends that twenty-four days of the thirty-day response period had already run when Judge Presnell stayed the case on March 16, 2007, and only six days were left to respond.

Rather than maintain that position, Defendant conferred with Plaintiffs' counsel who agreed to provide the responses by October 23, 2007, or approximately thirty days after the September 26, 2007 hearing.  However, due to scheduling conflicts with several Plaintiffs, counsel was not able to obtain Plaintiffs' final discovery responses until Saturday, November 3, 2007; these were provided on November 5, 2007.  Doc. No. 149.

Plaintiffs argue in response to the Motion to Compel that all prior discovery was governed by prior orders setting the discovery deadline at August 16, 2007, which had passed.  At the hearing on September 26, 2007, the Court clearly reset the discovery deadline to November 9, 2007.  Plaintiffs argue that Defendant did not reserve its discovery requests at the hearing when discovery was reopened. Whether Defendant reactivated discovery already served effective September 27, 2007 or physically re-served the exact same discovery requests, a response could not have been due until October 31, 2007 (thirty days to respond plus three days for service).  Plaintiffs would have been entitled to a short one-week extension for (all but one) Plaintiffs' responses.

The Court continues to be disappointed at the lack of conferring and cooperation between counsel in the case particularly in light of this Court's previous directions to confer in good faith about discovery matters.  *See* Doc. No. 117.  Judge Presnell has already sanctioned Defendant's counsel $500 for a futile motion to strike late opt-in notices.  The same counsel has now filed this Motion to Compel Plaintiffs' responses, based on an argument that they were due six days following a hearing reopening discovery, and/or October 23, 2007, when the actual enforceable deadline would not have been before October 31, 2007.  Moreover, a short extension especially for discovery from

multiple Plaintiffs is appropriate under Middle District Local Rule 2.04(h), which requires attorneys to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." This Motion has undisputedly caused unnecessary cost to the litigants and the Court.

Plaintiffs' counsel represents that Defendant's counsel did not confer with him prior to filing the Motion to Compel pursuant to Local Rule 3.01(g). Defendant's counsel Kevin Zwetsch represented in the Motion that he had "conferred with counsel for the Plaintiffs . . . regarding the foregoing and that the Plaintiffs have failed to respond to discovery in a timely fashion." Doc. No. 148 at 9. No mention is made of Plaintiffs' counsel's position on the Motion itself.

Defendant's counsel Kevin Zwetsch is **ordered to show cause within eleven days** of the date of this Order why he should not be sanctioned for failing to confer appropriately with Plaintiffs' counsel before filing the Motion to Compel.

Plaintiff Todd Carr is **ordered to show cause within eleven days** of the date of this Order **why his claims should not be dismissed** for his failure to cooperate in discovery. *See* Doc. No. 149 (Todd Carr has not cooperated with his counsel's attempts to obtain responses to Defendant's discovery requests). The Motion to Compel is otherwise **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record